PREGERSON, Circuit Judge,
specially concurring:
I concur in Judge Bybee’s thorough and thoughtful opinion. I write separately to make clear my view that, although the district court may have erred by failing to apply the “degree of success” test, it did not abuse its discretion when it awarded Aguirre $21,104.24.[1]
As discussed in the opinion, for a court to award attorney’s fees under 20 U.S.C. § 1415(i)(3)(B), a parent (1) must be a “prevailing party” and (2) must seek “reasonable attorneys’' fees.” 20 U.S.C. § 1415(i)(3)(B)(I). Like my colleagues, I believe that Aguirre was a prevailing party in this case. Thus, the remaining issue is what constitutes “reasonable attorneys’ fees” in this case.
When applying the degree of success test, the Supreme Court has recognized that a plaintiff who prevails in only part of her claims may not be entitled to recover fees for her unsuccessful claims. See Hensley v. Eckerhart, 461 U.S. 424, 430, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). Rather, as a general rule, “the level of a plaintiffs success is relevant to the amount of fees to be awarded.” Id. In this case, Aguirre prevailed on four of the twenty-seven issues she raised.
The school district contends that, because Aguirre prevailed on only a fraction *1122 of her challenges, her success was de min-imus and that, had the district court applied the “degree of success” rather than the “significant issue” test, the attorney fee award would have been substantially lower. I disagree. Aguirre was awarded use of assistive technology for eight months because the school district failed to conduct a timely assessment for assistive technology and failed to provide the technology. The monetary value of this relief may be but a portion of all the relief sought in the twenty seven claims, but that does not render this relief de minimus. See Thomas v. City of Tacoma, 410 F.3d 644, 649 (9th Cir.2005) (“To deny an award of attorney’s fees notwithstanding Plaintiffs clear victory on one of his claims for relief is an abuse of discretion; a reasonable fee in this case is not no fee at all.”).
Hensley states that “unless special circumstances would render such an. award unjust,” a prevailing plaintiff “should ordinarily recover an attorney’s fee.” Hensley, 461 U.S. at 429, 103 S.Ct. 1933 (internal quotation marks omitted); see also Herrington v. County of Sonoma, 883 F.2d 739, 743 (9th Cir.1989) (stating that in civil rights cases, “fee awards should be the rule rather than the exception”) (internal quotation marks omitted). Because there are no “special circumstances” in this case, Aguirre is entitled to a reasonable fee award. See Fischer v. SJB-P.D. Inc., 214 F.3d 1115, 1119 (9th Cir.2000).
Further, the district court is not required to calculate a fee award by looking solely to the number of successful claims. That is, nothing in Hensley suggests that Aguirre is entitled to only 14.8% or 4/27 of the fee requested because she prevailed on only four of twenty seven claims. This is true because some claims may seek dramatic or more substantial relief, while others seek minor relief; the fee award must be calculated with careful consideration of the degree of success the prevailing party obtained. See id. at 436, 103 S.Ct. 1933.
In formulating attorneys’ fee awards, a district court can employ its discretion, a point recognized by our opinion. See, e.g., Maj. Op. at 1121 (“Hensley does not strip the district court of its discretion in awarding fees, nor does it eliminate flexibility in granting them.”); see also Neosho R-V Sch. Dist. v. Clark, 315 F.3d 1022, 1030 (8th Cir.2003) (recognizing that the district court has the discretion to fashion fee awards based on its determination on the prevailing party’s degree of success). “In exercising this discretion, district courts are given ‘wide latitude.’ ” The Traditional Cat Ass’n, Inc. v. Gilbreath, 340 F.3d 829, 833 (9th Cir.2003) (internal citation omitted); see also Hensley, 461 U.S. at 435, 103 S.Ct. 1933 (acknowledging that the rule is broad enough, in appropriate cases, to permit an award of full fees even where a party did not prevail on every challenge).
When determining the proper fee award, it is important for the court to determine whether Aguirre prevailed on claims that are related or unrelated to her unsuccessful claims. See Thomas, 410 F.3d at 649. To determine whether the claims are related, the district court should focus on whether the claims on which Aguirre did not prevail “involve a common core of facts or are based on related legal theories,” when compared to the successful claims. Id. To the extent the successful and unsuccessful claims are related, Aguirre should recover reasonable fees for prosecuting those claims. See id. However, a determination that certain claims are not related does not automatically bar an award of attorney’s fees associated with those unrelated claims; work performed in pursuit of the unrelated claims may be inseparable from that performed in furtherance of the related or successful claims. See id.
*1123 In Sorenson v. Mink, 239 F.3d 1140 (9th Cir.2001), the defendant argued that the district court abused its discretion in failing to reduce the plaintiffs’ award based on the “limited success” that the plaintiffs achieved in the litigation. Id. at 1147. However, because the plaintiffs’ claims were all related — -all focused on improving Oregon’s disability determination system— we found that the plaintiffs were entitled to almost all of the requested fees. See id. We based our reasoning on the fact that the plaintiffs’ claims “ ‘involve[d] a common core of facts’ ” and were “ ‘based on related legal theories.’ ” Id. (quoting Hensley, 461 U.S. at 435, 103 S.Ct. 1933). Because “[m]uch of counsel’s time will be devoted generally to the litigation as a whole ... [s]uch a lawsuit cannot be viewed as a series of discrete claims.” Id. (quoting Hensley, 461 U.S. at 435, 103 S.Ct. 1933).
In this case, Aguirre prevailed on four claims that asserted that the school district had failed to provide Carlos with the appropriate assistive technology. In comparing these claims with her twenty-three unsuccessful claims, the district court could reasonably find that all twenty-seven claims are sufficiently related because they all alleged that the school district failed to provide her son with the necessary components of a free and appropriate public education over the course of a two-year period. Because Aguirre’s lawsuit involved a “common core of facts” and her various claims were “based on related legal theories,” it would be reasonable for a district court to award her a substantial portion of the requested fees.
Here, the district court recognized that Aguirre “achieve[d] some of the benefit the parties sought in bringing the suit.” Because Aguirre obtained a benefit from her suit — a benefit that may be quite substantial to her and her son — and she prevailed on claims that are related to her unsuccessful claims, I believe that an attorneys’ fee award of $21,104.24 is not an abuse of discretion, under the “degree of success” test.

. The district court, acting in its discretion, awarded Aguirre approximately half of the $42,104.92 she requested.